**NOT FOR PUBLICATION**

**FILED**

SEP 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIED PREMIER INSURANCE, a Risk Retention Group; a Connecticut corporation, | No. 20-55099 |
| Plaintiff-Appellee, | D.C. No. 5:18-cv-00088-JGB-KK |
| v. | |
| UNITED FINANCIAL CASUALTY COMPANY, an Ohio corporation, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 11, 2021
Submission Withdrawn March 22, 2021
Resubmitted September 19, 2023
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

United Financial Casualty Company appeals from the district court's grant of summary judgment to Allied Premier Insurance. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The only issue on appeal is whether California's Motor Carriers of Property Permit Act ("MCPPA"), Cal. Veh. Code §§ 34600 *et seq.*, continued the coverage of United's insurance policy with Porras after the policy otherwise ended by its own terms. The district court relied on California precedent interpreting an earlier version of the statute to determine that United's policy continued through Porras's accident, and United was thus liable for equitable contribution to Allied. The district court also entered judgment for Allied on its equitable subrogation and declaratory relief claims. Mindful of the statutory changes since earlier California precedents, we certified this state law question to the California Supreme Court. *Allied Premier Ins. v. United Fin. Cas. Co.*, 991 F.3d 1070 (9th Cir. 2021). Its answer decides this appeal.

"The duration of the policy's coverage is regulated by its terms and those of any endorsement or amendment to the policy itself." *Allied Premier Ins. v. United Fin. Cas. Co.*, 15 Cal. 5th 20, 39 (2023). United's policy with Porras terminated automatically when Porras did not renew the policy. The MCPPA did not extend its duration. *Id.* at 34. ("[T]he Act does not prevent cancellation or termination of an insurance policy under the terms of the contract.").

United's policy coverage terminated before Porras's accident. Accordingly, the district court's summary judgment on Allied's claims for equitable contribution, equitable subrogation, and declaratory relief must be reversed.

2

**REVERSED**.